IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Nitetek Licensing LLC,** *Plaintiff*, v. **Neousys Technology America,** *Defendant*. | Case No.: 1:22-cv-05324 DEMAND FOR JURY TRIAL |

## COMPLAINT FOR PATENT INFRINGEMENT

1. Nitetek Licensing LLC ("Nitetek" or "Plaintiff"), by and through counsel, hereby brings this action for patent infringement against Neousys Technology America ("Neousys" or "Defendant"), alleging infringement of U.S. Patent No. 6,661,783 ("Patent-in-Suit" or the '783 Patent) titled "CDMA Transmission Apparatus" attached hereto as Exhibit A.

## NATURE OF THE ACTION

2. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

3. Plaintiff Nitetek Licensing LLC is a Texas company and has a principal place of business at 6001 W Parmer Ln, Ste 370 - 1070, Austin, TX 78727-3908. Nitetek may be served with process through its registered agent InCorp Services, Inc., 815 Brazos St., Ste 500, Austin, TX 78701.

4. On information and belief, Defendant Neousys Technology America is a corporation organized under the laws of the State of Illinois, and has a principle place of business

at 3384 Commercial Avenue, Northbrook, IL 60062. Neousys may be served with process through its registered agent Pin Wang, 3384 Commercial Ave., Northbrook, IL 60062.

## JURISDICTION AND VENUE

5. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 et seq. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

6. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of Illinois and the District of Illinois; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of Illinois and in this district; (3) Defendant has sought protection and benefit from the laws of the State of Illinois; (4) Defendant regularly conducts business within the State of Illinois and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Illinois and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of Illinois.

7. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Illinois, and the District of Illinois including but not limited to the products which contain the infringing elements as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Illinois and in this district; Defendant solicits and has solicited customers in the State of Illinois and in this district; and Defendant has paying customers who are residents of the State of Illinois and this district and who each use and have used the Defendant's products and services in the State of Illinois and in this district.

8. Venue is proper in the District of Illinois over Neousys pursuant to 28 U.S.C. §§

1400(b). Defendant is incorporated in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

9. Plaintiff incorporates the above paragraphs herein by reference.

10. On December 9, 2003, the '783 Patent was duly and legally issued by the United States Patent and Trademark Office. The '783 Patent is presumed valid and enforceable.

11. Plaintiff is the assignee of all right, title and interest in the '783 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '783 Patent.

12. The '783 Patent generally relates to asymmetric communication through CDMA mobile communication method. Specifically, the '783 Patent provides a method by which a CDMA communication apparatus in the CDMA cellular system can avoid a shortage of spreading codes on the downlink while carrying out open-loop transmission power control on the uplink.

13. The inventions disclosed in the Patent-in-Suit were not well-understood, routine, or conventional. At the time the '783 Patent was filed, there existed various problems in accommodating downlink signals because of a shortage of spreading codes while trying to secure the quality of the uplink through transmission power control. *See* Ex. A, '783 Patent, 1:10-11. While there were other methods for improving asymmetric communications through a CDMA system, the '783 Patent invented a method for resolving the issues were left unaddressed in prior art. *See* Ex. A, '783 Patent, 1:10-11.

14. The claimed invention addressed the problems detailed *supra* by providing a method of asymmetric communications through the use of a CDMA communication apparatus comprising a frame assembly section for assembling frames with a known reference signal and

transmission power bit and a transmission rate control section for setting a lower transmission rate of a transmission signal composed of the known reference signal and transmission power bit above than the transmission rate for symmetric communications. *See* Ex. A, '783 Patent, 1:10.

15. The claims of the Patent-in-Suit do not merely recite the performance of a familiar practice, and instead the claims recite one or more inventive concepts that are rooted in improving the asymmetric CDMA communications. The Patent-in-Suit addresses problems rooted in improving asymmetric communication by providing a method that avoids downlink failure and improves the quality and system capacity of the uplink, the solutions it teaches are not merely drawn to longstanding human activities. Thus, the Patent-in-Suit provides an invention that cannot be performed with pen and paper or in the human mind, nor are the solutions it teaches drawn from longstanding human activities.

## ACCUSED PRODUCTS

16. Defendant makes, uses, offers for sale, sells in the U.S., and/or imports into the U.S. products, systems, and/or services that infringe the Patent-in-Suit, including, but not limited to the Neousys Nuvo-2510VTC ("Accused Product").

17. The Accused Product utilizes UMTS-FDD technology using WCDMA technology performing uplink and downlink on different frequencies over a CDMA system. Through spreading known reference signals, and transmission power control bits through a base station. This allows for a CDMA system that provides asymmetric communication which will thereby process a higher spreading factor for downlink communication while determining transmission power based on said transmission power control bits. *See* Ex. B; *see also below* Table 1.

**Introduction**

Nuvo-2510VTC is an in-vehicle fanless computer with Intel® Atom™ E3845 quad-core processor. Equipped with 2 IEEE 802.3at Gigabit Ethernet ports, Nuvo-2510VTC is capable of driving 25W GigE and PoE IP cameras with a single standard CAT-5e. Along with intelligent ignition power control and built-in CAN bus, Nuvo-2510VTC is ideal for light-weight mobile applications such as mobile NVR and mobile ANPR.

Designed for in-vehicle applications, Nuvo-2510VTC supports wide-range DC input and can be powered by 12VDC or 24VDC vehicle battery. It features intelligent ignition power control with selectable on and off delay and battery voltage monitoring. Nuvo-2510VTC also supports one built-in CAN bus port with compliance to CAN 2.0A and CAN 2.0B. The CAN bus is the foundation of various vehicles protocols.

Nuvo-2510VTC provides 2 PoE+ Gigabit Ethernet ports and 1 USB 3.1 port for industrial-grade cameras on IP cameras. There are also 4 serial ports and 3 USB 2.0 ports available. For mobile applications which require data transmission, Nuvo-2510VTC can install two 3G/4G modules with USIMs in its 2 mini PCI Express (mPCIe) sockets. Nuvo-2510VTC is ideal for in-vehicle applications.

*Table 1.*

## COUNT I

### (Infringement of U.S. Patent No. 6,661,783)

18. Plaintiff incorporates the above paragraphs herein by reference.

19. The '783 Patent is valid, enforceable, and was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on December 9, 2003. The '783 Patent is presumed valid and enforceable. *See* 35 U.S.C. § 282.

20. Plaintiff is the owner by assignment of the '783 Patent and possesses all rights of recovery under the '783 Patent, including the exclusive right enforce the '783 Patent and pursue lawsuits against infringers.

21. Without a license or permission from Plaintiff, Defendant has infringed and continues to directly and indirectly infringe on one or more claims of the '783 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented inventions, including, without limitation, one or more of the patented '783 systems and methods, in violation of 35 U.S.C. § 271.

**Direct Infringement – 35 U.S.C. § 271(a)**

22. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

23. Without a license or permission from Plaintiff, Defendant has infringed and

continues to directly infringe on one or more claims of the '783 Patent by importing, making, using, offering for sale, or selling products and devices that embody the patented invention, including, without limitation, one or more of the patented '783 systems and methods, in violation of 35 U.S.C. § 271.

24. Defendant has been and continues to directly infringe by, among other things, practicing all of the steps of the '783 Patent, for example, through internal testing, quality assurance, research and development, and troubleshooting. *See Joy Techs., Inc. v. Flakt, Inc*., 6 F.3d 770, 775 (Fed. Cir. 1993); *see also* 35 U.S.C. § 271 (2006).

25. By way of example, Defendant has infringed and continues to infringe at least one or more claims of the '783 Patent, including at least Claim 4. Attached hereto as Exhibit B is an exemplary claim chart detailing representative infringement of Claim 4 of the '783 Patent.

**Willful Infringement**

26. Plaintiff incorporates the above paragraphs herein by reference, the same as if set forth herein.

27. Defendant had post-suit knowledge when this suit was filed. *See EON Corp. IP Holdings, LLC v. Sensus USA, Inc.,* No. C-12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) (citing *In re Bill of Lading Transmission and Processing System Patent Litigation,* 681 F.3d 1323, 1345 (Fed. Cir. 2012)) (noting that the Federal Circuit has determined that post-filing knowledge is sufficient to meet the knowledge requirement for indirect infringement).

28. Despite its knowledge of the '783 Patent, on information and belief Defendant has sold and continues to sell the Accused Products in egregious disregard of Plaintiff's patent rights. Defendant has acted recklessly and continue to willfully, wantonly, and deliberately engage in acts of infringement of the '783 Patent, justifying an award to Plaintiff of increased damages under 35

U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285.

### Plaintiff Suffered Damages

29. Defendant's acts of infringement of the Patent-in-Suit have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial pursuant to 35 U.S.C. § 271. The precise amount of damages will be determined through discovery in this litigation and proven at trial.

### REQUEST FOR RELIEF

30. Plaintiff incorporates each of the allegations in the paragraphs above and respectfully asks the Court to:

(a) enter a declaration that Defendant has directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '783 Patent;

(b) enter a judgment awarding Plaintiff all damages adequate to compensate him for Defendant's infringement including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(c) enter a judgment awarding treble damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the '783 Patent;

(d) issue a preliminary injunction and thereafter a permanent injunction enjoining and restraining Defendant, its directors, officers, agents, servants, employees, and those acting in privity or in concert with them, and its subsidiaries, divisions, successors, and assigns, from further acts of infringement of the '783 Patent;

(e) enter a judgment requiring Defendant to pay the costs of this action, including all

disbursements, and attorneys' fees as provided by 35 U.S.C. § 285, together with prejudgment interest; and

(f)     award Plaintiff all other relief that the Court may deem just and proper.


Dated: September 29, 2022             Respectfully submitted,

DIRECTION IP LAW

/s/Steven G. Kalberg
David R. Bennett (IL Bar No.: 6244214)
Steven G. Kalberg (IL Bar No.: 6336131)
PO Box 14184
Chicago, Illinois 60614-0184
Telephone: (312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

/s/   Grant McArthur
Grant McArthur (CA SBN 321959)
(*Pro Hac Vice forthcoming*)
gmcarthur@mclawus.com
MCARTHUR IP LAW, PC
24630 Washington Ave., Ste. 202
Murrieta, CA 92562
(951) 412-1688 (Phone)
(951) 379-4564 (Fax)

***Attorney(s) for Plaintiff Nitetek Licensing LLC***