**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Nitetek Licensing LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>Neousys Technology America,<br><br>                Defendant. | Case No. 1:22-cv-05324<br><br>JURY TRIAL DEMANDED |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................ 1

III. LEGAL STANDARD ........................................................................................................ 3

IV. ARGUMENT ..................................................................................................................... 4

    A. Direct Infringement ............................................................................................... 4

        1. Nitetek does not plead sufficient facts to support a plausible inference that all steps of the asserted method claim are performed by or attributable to Neousys. ................................................................ 4

        2. Nitetek does not plead sufficient facts to support a plausible inference that every element of the asserted claim is found in the accused product or process. ................................................................... 7

    B. Willful Infringement .............................................................................................. 8

    C. Indirect Infringement ............................................................................................. 9

V. CONCLUSION .................................................................................................................. 9

# **TABLE OF AUTHORITIES**

**CASES**

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
    797 F.3d 1020 (Fed. Cir. 2015) ................................................................................................4, 7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ......................................................................................................................3

*Commil USA, LLC v. Cisco Sys., Inc.*,
    575 U.S. 632 (2015) ..................................................................................................................4, 9

*EON Corp IP Holdings LLC v. Cisco Sys. Inc*,
    36 F. Supp. 3d 912 (N.D. Cal. 2014) ............................................................................................6

*EON Corp. IP Holdings LLC v. Cisco Sys., Inc.*,
    595 F. App'x 991 (Fed. Cir. 2015) ...............................................................................................6

*Laitram Corp. v. Rexnord, Inc.*,
    939 F.2d 1533 (Fed. Cir. 1991) ................................................................................................3, 7

*Sonrai Sys., LLC v. AMCS Grp. Inc.*,
    No. 16 C 9404, 2017 WL 4281122 (N.D. Ill. Sept. 27, 2017) .....................................................7

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016) ................................................................................................4, 8

**STATUTES**

U.S. Code § 154(a)(2) ......................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................1, 3

**I.      INTRODUCTION**

Defendant Neousys Technology America Inc. ("Neousys") moves to dismiss the Complaint (Dkt. No. 1) filed by Plaintiff Nitetek Licensing LLC ("Nitetek") under Fed. R. Civ. P. 12(b)(6) for failure to state a plausible claim for relief. Nitetek's claim of direct infringement should be dismissed because Nitetek fails to plead a facially plausible claim that all steps of the asserted method claim are performed by or attributable to Neousys. The asserted method claim recites a CDMA mobile communication method that requires cellular communications performed by a base station apparatus that are received by a mobile station apparatus. Neousys does not provide or operate any such base station, and Neousys's accused product, in its standard configuration, does not have any cellular capabilities at all. Nitetek's claims of willful infringement and indirect infringement should be dismissed because Nitetek fails to plausibly allege one of the required elements for both of those causes of action, that is that Neousys had any knowledge of the asserted patent before it expired.

**II.     FACTUAL BACKGROUND**

Neousys is an Illinois corporation headquartered in Northbrook, Illinois. It designs and manufactures industrial grade rugged embedded computers and systems. Nitetek is allegedly a Texas company headquartered in Austin, Texas.

Nitetek accuses Neousys of directly and willfully infringing claim 4 ("asserted claim") of U.S. Patent No. 6,661,783 (the "'783 patent"). (*See* Complaint at ¶ 25; Dkt. No. 1-3 ("Infringement Claim Chart") (identifying claim 4).) The '783 patent is titled "CDMA Transmission Apparatus" and allegedly describes an invention that avoids a shortage of spreading codes on the downlink while carrying out open-loop transmission power control on the uplink during asymmetric communications through the use of a CDMA communication apparatus. ('783 patent at 4:13-21.) More plainly, the patent describes an allegedly new way for a cellular network to transmit data to

1

devices using the cellular network. The '783 patent has a priority date of March 10, 1998 and expired on March 9, 2019, more than three years before the filing of the Complaint. *See* 35 U.S. Code § 154(a)(2).[1]

Nitetek identifies Neousys's Nuvo-2510VTC product, an in-vehicle embedded computer, as the "accused product." (*See* Complaint at ¶ 16; Infringement Claim Chart.)

Claim 4 of the '783 patent is an independent method claim that provides:

> ***A CDMA mobile communication method***, when performing asymmetric communications, comprising:
>
> ***a base station apparatus spreading known reference signals and transmission power control bits*** by spreading codes with a length that is longer than spreading codes used for symmetric communications, and transmitting spreaded [sic] known reference signals and a spreaded [sic] transmission power control bits at a lower transmission rate than a transmission rate when symmetric communications are performed;
>
> a mobile station apparatus receiving said transmission power control bits, and
>
> said mobile station apparatus determining transmission power based on said transmission power control bits.

('783 patent at cl. 4 (emphasis added).) Specifically, claim 4 claims "[a] CDMA mobile communication method" that requires the step of "a base station apparatus spreading known reference signals and transmission power control bits . . . ." as well as a "mobile station apparatus receiving said transmission power control bits." (*Id.*)

Nitetek accuses Neousys of directly infringing the asserted claim. Nitetek bases its allegations on Neousys's alleged practicing of all the steps of the asserted claim through internal testing, quality assurance, research and development, and troubleshooting. (*See* Complaint at

---

[1] While the '783 patent has a priority date of Mar. 10, 1998, its earliest-claimed non-provisional priority date in the United States—from which the 20 year patent term is counted—is its own filing date of March 9, 1999.

2

¶ 24.)  The Infringement Claim Chart alleges that the accused embedded computer infringes the asserted claim when it operates in a cellular network, specifically a UMTS-FDD network.  (*See generally* Infringement Claim Chart.)  For the "base station" step, Nitetek makes the allegation that the "accused product, at least in internal testing and usage, utilizes a base station" but does not include any factual allegations as to who performs such a step or how this step is performed by any actor.  (Infringement Claim Chart at 10.)

Nitetek also accuses Neousys of willfully infringing the asserted claim.  Nitetek bases its willful infringement claim on the allegation that Neousys has post-suit knowledge of the '783 patent and sold and continues to sell the accused product.  (Complaint at ¶¶ 27, 28.)

In addition, Nitetek seems to accuse Neousys of indirect infringement in passing, but does not set forth any factual allegation or legal basis for such accusation.  (*See* Complaint at ¶¶ 21, 30(a).)

### III.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This plausibility standard requires a plaintiff to plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663.  Although courts must take the factual allegations in a complaint as true, they "'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice."  *Id.* (citing *Twombly*, 550 U.S. at 555).

A claim of direct infringement requires that every element of a patent claim be "found in an accused product or process exactly or by a substantial equivalent."  *Laitram Corp. v. Rexnord,*

3

*Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). For method claims, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1379–81 (Fed. Cir. 2007)).

Claims of willful infringement, induced infringement, and contributory infringement all require knowledge of the asserted patent. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages.") (citing *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932–33); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement.") (citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).

**IV.    ARGUMENT**

    **A.    Direct Infringement**

        **1.    Nitetek does not plead sufficient facts to support a plausible inference that all steps of the asserted method claim are performed by or attributable to Neousys.**

Nitetek's direct infringement claim should be dismissed because Nitetek does not plead sufficient facts to support a plausible inference that all steps of the asserted method claim are performed by or attributable to Neousys.

For method claims, "[d]irect infringement under § 271(a) occurs where all steps of a claimed method are performed by or attributable to a single entity." *Akamai*, 498 F.3d at 1379–81. "Where more than one actor is involved in practicing the steps, . . . the acts of one are attributable to the other . . . in two sets of circumstances: (1) where [one] directs or controls others' performance, and (2) where the actors form a joint enterprise." *Id.*

4

It is apparent from the Complaint that Neousys cannot perform all steps of the asserted method claim. The claim requires "a base station apparatus spreading known reference signals and transmission power control bits . . . ." For this element, Nitetek points, not to Neousys's accused product, but to a base station "NodeB" in a cellular network. (*See* Infringement Claim Chart, at 10 (reproduced below).) The Complaint does not plead that Neousys provides this cellular network base station, operates it, controls it, or is in any other way responsible for its activities. (*See generally* Complaint.) Indeed, such a pleading is impossible. Neousys provides embedded computers, such as could be installed in a truck, bus, or train. Neousys does not provide any cellular network base station or any other cellular network infrastructure. Nitetek has not and cannot make a plausible allegation that Neousys performs this element of the claim.

| a base station apparatus spreading known reference signals and transmission power control bits by spreading codes with a length that is longer than spreading codes used for symmetric communications, and transmitting spreaded known reference signals and a spreaded transmission power control bits at a lower transmission rate than a transmission rate when symmetric communications are performed; | The accused product, at least in internal testing and usage, utilizes a base station (e.g., NodeB). The base station (e.g., NodeB) practices spreading known reference signals (e.g., RSCP signals) and transmission power control bits (e.g, bits of TPC_cmd) by spreading codes with a length that is longer than spreading codes used for symmetric communications, and transmitting spreaded known reference signals (e.g., RSCP signals) and a spreaded transmission power control bits (e.g., bits of TPC_cmd) at a lower transmission rate than a transmission rate when symmetric communications are performed.<br><br>**UMTS Network Architecture**<br><br>[diagram of UMTS Network Architecture showing UMTS RAN with NodeB, ME, USIM, UE, RNC and Core Network with MSC, GMSC, PSTN/ISDN, SGSN, GGSN, PDN]<br><br>http://www.rfwireless-world.com/Tutorials/UMTS-Network-Architecture.html<br><br>For symmetric communication, the data rate (and its corresponding associated spreading factor) of the uplink and downlink are the same. They therefore have the same spreading factor whereas in case of asymmetric communication there is a difference in the uplink and downlink data rates (and its corresponding associated spreading factor) which will thereby process a higher spreading factor for downlink communication. |

(Infringement Claim Chart at 10 (highlighting added here).)

To the extent that Nitetek accuses Neousys of performing the base station step by testing and using the accused embedded computer, that theory also fails to plausibly plead that Neousys performs the base station claim element. "A cellphone user cannot be the entity who transmits

5

outgoing data from a base station." *EON Corp IP Holdings LLC v. Cisco Sys. Inc*, 36 F. Supp. 3d 912, 925 (N.D. Cal. 2014), *aff'd sub nom. EON Corp. IP Holdings LLC v. Cisco Sys., Inc.*, 595 F. App'x 991 (Fed. Cir. 2015). Analogously, Neousys as an alleged user of the accused embedded computer cannot be the entity who spreads outgoing data from a base station, as the claim requires. The accused Neousys product can, with some modifications, communicate with a cellular network. But in that capacity, it interacts with a cellular network in the way a smartphone or tablet computer would. This, at best, would be akin to the separate "mobile station" in the asserted claim. But this leaves the Complaint devoid of any plausible pleading of how Neousys could perform the recited activities of the separate "base station" claim element.

> 4. A CDMA mobile communication method, when performing asymmetric communications, comprising:
> a base station apparatus spreading known reference signals and transmission power control bits by spreading codes with a length that is longer than spreading codes used for symmetric communications, and transmitting spreaded known reference signals and a spreaded transmission power control bits at a lower transmission rate than a transmission rate when symmetric communications are performed;
> a mobile station apparatus receiving said transmission power control bits; and
> said mobile station apparatus determining transmission power based on said transmission power control bits.

('783 patent, claim 4 (highlighting added to emphasize separate "base station" and "mobile station" claim elements).) Thus, Nitetek has not pled a plausible claim that all steps of the asserted method claim are performed by Neousys. "In a case without a divided infringement allegation, this is fatal to [plaintiff]'s claims." *Id.*

6

As a result, Nitetek must rely on the theory of divided infringement and plead that all steps of the asserted method claim are attributable to Neousys either because Neousys directs or controls the performance of the actor who performs the base station step, or because Neousys and the actor who performs the base station step form a joint enterprise. *See Akamai*, 797 F.3d at 1022; *Sonrai Sys., LLC v. AMCS Grp. Inc.*, No. 16 C 9404, 2017 WL 4281122, at *6 (N.D. Ill. Sept. 27, 2017) ("a plaintiff proceeding on a joint infringement theory must show that the 'acts of one party are attributable to the other such that a single entity is responsible for the infringement.'") (quoting *Lyda v. CBS Corp.*, 838 F.3d 1331, 1338 (Fed. Cir. 2016)). However, Nitetek makes no such allegation. Indeed, Nitetek does not even identify what actor performs the base station step, let alone alleging any relationship between the actor and Neousys. Thus, Nitetek has not pled a plausible claim that all steps of the asserted method claim are attributable to Neousys. *See id.* (dismissing plaintiff's joint infringement claim because plaintiff's complaint does not sufficiently allege direct infringement by defendant under either direct control or joint enterprise theory).

  **2. Nitetek does not plead sufficient facts to support a plausible inference that every element of the asserted claim is found in the accused product or process.**

In addition, Nitetek's direct infringement claim should be dismissed because Nitetek does not plead sufficient facts to support a plausible inference that every element of the asserted claim is "found in an accused product or process exactly or by a substantial equivalent." *Laitram*, 939 F.2d at 1535.

The asserted claim recites "[a] CDMA mobile communication method" and requires cellular communications between a base station apparatus and a mobile station apparatus. (*See* '783 patent at cl. 4.) Nitetek alleges that the accused product meets this requirement when it communicates with a cellular network, specifically a UMTS-FDD network. (*See generally* Infringement Claim Chart.) However, as the Infringement Claim Chart confirms, the accused

7

product in its standard configuration does not actually have any cellular capabilities. The Infringement Claim Chart points out that the accused product has "[d]ual mPCIe and USIM sockets for [cellular] module" and "can install two [cellular] modules with USIMs in its 2 mini PCI Express (mPCIe) sockets." (*See* Infringement Claim Chart at 2.) That is, the accused products do not even have cellular communications functionality in their standard configuration, and separate hardware would have to be added to the accused product to enable cellular communications functionality. But the Complaint does not contain any factual allegation that Neousys installed such cellular modules on the accused product and used the accused product to perform the steps of the asserted claim. (*See* Infringement Claim Chart at 2.) Thus, Nitetek has not pled a plausible claim that all elements of the asserted claim are found in the accused product or process, and the direct infringement claim should be dismissed for this additional reason.

### B. Willful Infringement

Nitetek's willful infringement claim should be dismissed because Nitetek does not plead sufficient facts to support a plausible inference that Neousys had any knowledge of the '783 patent before it expired. A claim of willful infringement requires knowledge of the asserted patent. *See WBIP*, 829 F.3d at 1341. Nitetek does not allege that Neousys had any pre-suit knowledge of the '783 patent, and the '783 patent had already expired by the time Nitetek brought its suit. Thus, Nitetek has not pled a plausible claim that Neousys willfully infringed the '783 patent. Nitetek alleges that Neousys had post-suit knowledge of the '783 patent. (Complaint at ¶ 27.) However, the '783 patent had already expired by that time and thus could no longer be infringed, let alone willfully. Thus, Nitetek has failed to plead one of the required elements for a claim of willful infringement, and that cause of action should be dismissed.

8

### C. Indirect Infringement

It is unclear whether Nitetek accuses Neousys of indirect infringement, as the Complaint only raises such accusation in passing and does not set forth any factual allegation or legal basis for such accusation. (*See* Complaint at ¶¶ 21, 30(a).) To the extent that Nitetek accuses Neousys of indirect infringement, Nitetek's indirect infringement claims should be dismissed for the same reason as the willful infringement allegation. Like willful infringement, a claim of indirect infringement requires knowledge of the asserted patent. *See Commil*, 575 U.S. at 639. Nitetek does not allege that Neousys had any pre-suit knowledge of the '783 patent, and the '783 patent had already expired by the time Nitetek brought its suit. Thus, Nitetek has not pled a plausible claim that Neousys indirectly infringed the '783 patent. Nitetek alleges that Neousys had post-suit knowledge of the '783 patent. (Complaint at ¶ 27.) However, the '783 patent had already expired by that time and thus could no longer be infringed, indirectly or otherwise. Thus, Nitetek has failed to plead one of the required elements for a claim of indirect infringement, and that cause of action should be dismissed.

### V. CONCLUSION

For the foregoing reasons, and pursuant to Fed. R. Civ. P. 12(b)(6), Neousys respectfully requests that the Court grant this motion and dismiss Nitetek 's Complaint in its entirety.

*Of Counsel:*

PERKINS COIE LLP

Yun (Louise) Lu
Kyle R. Canavera
11452 El Camino Real, Suite 300
San Diego, CA 92130-2080
Phone: (858) 720-5700
llu@perkinscoie.com
kcanavera@perkinscoie.com

Dated: November 23, 2022

By: /s/*Geoffrey A. Vance*

Geoffrey A. Vance
Stephen D. Pauwels
Perkins Coie LLP
110 North Wacker Drive, Suite 3400
Chicago, Illinois 60606
Phone: (312) 324-8400
gvance@perkinscoie.com
spauwels@perkinscoie.com

*Attorneys for Defendant
Neousys Technology America*

9

**CERTIFICATE OF SERVICE**

  This is to certify that the undersigned filed a true and correct copy of the above and foregoing and served upon all counsel of record, via the Court's CM/ECF system on this the 23rd day of November, 2022.

                */s/ Stephen D. Pauwels*
                Stephen D. Pauwels